UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DREW THOMAS MAJORS,

Plaintiff,

v.

WESTVILLE CORRECTIONAL
FACILITY *et al.*,

Defendants.

CAUSE NO. 3:21-CV-873 DRL-MGG

OPINION AND ORDER

Drew Thomas Majors, a prisoner without a lawyer, filed a complaint (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Majors' complaint (ECF 1) is somewhat vague and appears to contain unrelated claims. He has sued Westville Correctional Facility because he was denied seizure medication at an unspecified time when he was housed there. He has also sued Newcastle Correctional Facility because he had a seizure on August 15, 2021, and officers denied him medical evaluation and treatment for his injuries. When he was assessed by medical staff a day or two later, he was not provided with medication for his seizures.

The complaint is short on facts, dates, and specifics about his medical condition and the treatment he has (or has not) received, but he appears to be pursuing a claim against Westville Correctional Facility for the denial of medication for seizures while he was housed there, and a separate claim against New Castle Correctional Facility regarding the treatment of his seizure disorder during a different timeframe. He has also sued Centrion, Inc, and Wexford Medical Group Inc., but Mr. Majors does not explain why he has named them as defendants. "[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Mr. Majors' allegations against Centrion, Inc. and Wexford Medical Group Inc. appear to be based only on the alleged poor decisions that its staff made in connection with his care. Therefore, he has not plausibly alleged a claim against either Centrion, Inc or Wexford Medical Group Inc.

Mr. Majors may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id.* ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is

the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Mr. Majors because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened)[.]" *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Mr. Majors is unable to select related claims on which to proceed in this case, one of these options may become necessary. Mr. Majors needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

Mr. Majors will be granted an opportunity to file an amended complaint containing additional factual details and only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file an amended complaint, he needs to use this court's approved prisoner complaint form, as required by Northern District of Indiana Local

Rule 8-1. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Drew Thomas Majors along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and a blank AO-240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis form;[1]

(2) GRANTS Drew Thomas Majors until **March 18, 2022**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS Drew Thomas Majors that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED.

February 17, 2022                                   *s/ Damon R. Leichty*
                                                    Judge, United States District Court

---

[1] Should Mr. Majors require additional forms, he may obtain them from the prison's law library.