UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DREW THOMAS MAJORS,

    Plaintiff,

  v.                                                 CAUSE NO. 3:21-CV-873 DRL-MGG

WESTVILLE CORRECTIONAL
FACILITY *et al.*,

    Defendants.

OPINION AND ORDER

Drew Thomas Majors, a prisoner without a lawyer, filed a complaint (ECF 1) that included unrelated claims. Though the complaint was somewhat vague, he sued Westville Correctional Facility for the denial of medication for seizures while he was housed there, and he sued New Castle Correctional Facility regarding the treatment of his seizure disorder during a different timeframe. He also sued Centrion, Inc, and Wexford Medical Group Inc., but Mr. Majors did not explain why he named them as defendants.

The court explained to Mr. Majors that he may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). The court further explained that it could properly limit this case by picking a claim (or related claims) for Mr. Majors because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler v.*

*Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Instead, the court granted Mr. Majors an opportunity to file an amended complaint containing additional factual details and only related claims. Mr. Majors was cautioned that, if he did not respond by the deadline or if he filed an amended complaint with unrelated claims, the court could select one group of related claims and dismiss the others without prejudice.

    Mr. Majors filed an amended complaint, but it is not signed. Federal Rule of Civil Procedure 11(a) requires that a complaint be signed. In addition, the amended complaint again contains unrelated claims. He has sued Commissioner Carter for having a policy or custom of denying appropriate medical care to inmates in prison control units. This amounts to a suit against Commissioner Carter in his official capacity, but he cannot sue Commissioner Carter in his official capacity for money damages because "a suit against a[n] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). The Eleventh Amendment generally precludes a citizen from suing a state or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to Eleventh Amendment immunity, but none are applicable here. *See MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Because the State is immune from suit pursuant to the Eleventh Amendment, Mr. Majors cannot

sue Commissioner Carter in his official capacity. What remains are: (1) claims against the Warden of Westville Control Unit, an unknown sergeant of Westville Control Unit, and Dr. Liaw regarding events that occurred at Westville Correctional Facility; and (2) claims against Warden Buss, two unknown correctional officers, an unknown sergeant, and Dr. John Nwannunu regarding events that occurred at Newcastle Correctional Facility. Thus, even if the complaint had been signed, it still contains unrelated claims.

Mr. Majors will be granted another opportunity to file a signed amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file an amended complaint, he needs to use this court's approved prisoner complaint form, as required by Northern District of Indiana Local Rule 8-1. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Drew Thomas Majors along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and a blank AO-240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis form;

(2) GRANTS Drew Thomas Majors until **April 4, 2022**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS Drew Thomas Majors that, if he does not respond by the deadline or if he files a signed amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED.

March 7, 2022                         *s/ Damon R. Leichty*
                                            Judge, United States District Court